## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR CRESPO,<br><br>      Plaintiff,<br><br>  -against-<br><br>SILVERADO STAR INC. d/b/a HIDE<br>and DORON ZABARI,<br><br>      Defendants. | **COMPLAINT**<br><br>**JURY TRIAL<br>DEMANDED**<br><br>**No. _____** |

Plaintiff, by and through his attorneys, The Legal Aid Society and Friedman Kaplan Seiler & Adelman LLP, alleges and states, upon his own knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Hector Crespo ("Crespo" or "Plaintiff") brings this action seeking damages arising out of his employment at HIDE, a leather goods store located at 17 Bleecker Street, New York, NY, 10012.

2. This action seeks legal redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law § 650 *et seq.* ("NYLL").  In a fundamental breach of their statutory obligations, Defendants Silverado Star, Inc. and Doron Zabari ("Silverado Star" or "Zabari" or collectively, "Defendants") failed to pay Crespo overtime compensation for every hour Crespo worked in excess of forty hours per week. Further, Defendants failed to pay Crespo the full wages he was owed under the parties' employment agreement.  After Crespo complained to Defendants about their failure to properly

1

pay him his agreed-upon wages and overtime compensation, Defendants retaliated against

Crespo by reducing his hours and ultimately terminating his employment with HIDE.

3.       Defendants also failed to provide Crespo with adequate time-of-hire notices and wage

statements, as required by law.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA, 29

U.S.C. § 216, and original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims

arise under a law of the United States.

5.       This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those

claims are so closely related to Plaintiff's FLSA claims that they form parts of the same case or

controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

6.       Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff has consented

in writing to becoming a party to this lawsuit.

7.       Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims

occurred in this judicial District.

## PARTIES

8.       Crespo is a New York resident who was employed by Defendants between the

approximate dates of August 9, 2013 and December 31, 2014.

9.       Upon information and belief, Silverado Star d/b/a HIDE is a domestic business

corporation registered to do business in New York, with its principal places of business located

at 124 Greene Street Suite 652, New York NY 10012.

10.     Upon information and belief, Silverado Star has employees engaged in commerce or in the production of goods for commerce amounting to an annual gross volume of business not less than $500,000 exclusive of excise taxes, and is an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(s)(1)(A).

11.     Upon information and belief, Zabari is the sole owner and operator of Silverado Star d/b/a HIDE and holds or has held a managerial or supervisory position at HIDE.

12.     At all relevant times, Zabari was an employer who had the power: to hire and fire Crespo; to control the terms and conditions of Crespo's employment; to determine the rate and manner of any compensation provided to Crespo; and to withhold Crespo's compensation.

13.     At all relevant times, Zabari was an employer who had the responsibility to maintain employment records and to comply with regulations of governmental agencies.

## FACTUAL ALLEGATIONS

### I.     CRESPO'S EMPLOYMENT

14.     Defendants hired Crespo to work as a sales representative for Silverado Star in or about August 2013.  Defendants operate the store under the HIDE trade name.

15.     HIDE is a retail establishment engaged in the sale of leather goods such as handbags and designer clothing.  Crespo's duties were as a sales representative working in the store.

16.     Prior to the commencement of Crespo's employment, Defendants and Crespo entered into an oral agreement pursuant to which Defendants agreed to pay Crespo at a rate of $200 per day for each day that he worked in the store.

17.     As part of this agreement Defendants promised to pay Crespo his wages half in cash and half by check.

3

18.     At all times during the term of Crespo's employment at HIDE, Defendants were employers within the meaning of the FLSA and NYLL.  29 U.S.C. § 203(d); NYLL § 651(6).

19.     At all times during the term of Crespo's employment at HIDE, Crespo was Defendants' employee within the meaning of the FLSA and NYLL.  29 U.S.C. § 203(e); NYLL § 651(5).

20.     Between August 9, 2013 and July 26, 2014, Crespo worked at HIDE approximately six days per week, and between eight to nine hours per day.  In other words, Crespo worked on average forty eight to fifty four hours per week during this time period.

21.     Crespo's hours were set at the beginning of each week when Zabari or HIDE's store manager called Crespo and informed Crespo the hours he was assigned to work for that week.

22.     From August 9, 2013 through approximately October 1, 2013 Defendants paid Crespo the $200 in daily wages required by his contract but failed to pay him any overtime for hours worked in excess of forty hours per week.

23.     Beginning on approximately October 1, 2013, Defendants failed to pay Crespo his $200 in daily wages and continued to fail to pay him any overtime for hours worked in excess of forty hours per week.

24.     Specifically, while Defendants usually paid Crespo $100 in cash for each day that he worked (although not at regular intervals or with complete consistency), beginning on approximately October 1, 2013 Defendants regularly failed to provide Crespo with the checks that were supposed to comprise half of his wages.

25.     Further, in multiple instances Defendants failed to pay Crespo the $100 in cash that he was owed for each day of work.

26.     Defendants' failure to pay Crespo half of his wages was in willful, material breach of the parties' agreement.

27.     Crespo repeatedly complained to Defendants about Defendants' failure to pay Crespo his full wages.

28.     On July 26, 2014, following Defendants' repeated failure to respond to Crespo's complaints about unpaid wages, Crespo presented Zabari with a demand letter ("the July 26 Letter") seeking accrued and unpaid back wages. This letter noted that Zabari had failed, and was continuing to fail, to pay Crespo his contractually agreed-upon wages and also failed to pay him overtime as required by the FLSA.

29.     In connection with the July 26 Letter, Crespo presented Zabari with a calculation indicating that Zabari owed Crespo approximately $22,000 in back wages plus an unspecified amount in unpaid overtime.

30.     Immediately upon receiving the July 26 Letter, Zabari unilaterally – and over Crespo's objection – closed the store for the next day and reopened the store with a reduction of the hours that Crespo was scheduled to work at HIDE to seven hours per day (down from eight to nine hours per day previously).

31.     For approximately one month, Crespo worked at HIDE under a revised schedule of seven hours per day, six days per week.  During this time, Zabari continued to pay Crespo only $100 per day (rather than the $200 per day the parties had agreed upon) but simultaneously assured Crespo that Zabari would pay Crespo his owed back wages in full.

32.     In August 2014, Crespo and Zabari reached a verbal agreement pursuant to which Zabari agreed to pay Crespo $20,000 to resolve the issue of Crespo's unpaid back wages.  These

5

payments were scheduled to be made in four bi-weekly installment payments in the amount of $5,000 each, beginning on August 30, 2014.

33.     On August 30, 2014, Zabari paid Crespo $5,000 in cash, representing the first of four installment payments.

34.     On September 1, 2014, Zabari further reduced Crespo's work schedule – again over Crespo's objection – to two to three days per week (down from six days per week).  The explanation provided to Crespo for the reduction in his scheduled hours was that HIDE's business was struggling.  This explanation was contradicted by Crespo's observation that HIDE continued to have strong sales.

35.     Zabari failed to make any of the remaining agreed-upon $5,000 installment payments after August 30, 2014.

36.     Crespo continued to work at HIDE approximately two to three days per week from September 1, 2014 through December 31, 2014.  During this time, Crespo repeatedly expressed to Zabari his desire to resume full-time work but was repeatedly rebuffed.  Mr. Crespo was informed that he would be called back for full-time work when Defendants needed him.

37.     In or about January 2015, Zabari completely stopped calling Crespo for work, thus terminating his employment.  Crespo has not worked at HIDE in any capacity since December 31, 2014.

## II.     DEFENDANTS FAILED TO PAY PLAINTIFF THE LEGALLY MANDATED OVERTIME RATE FOR HOURS WORKED IN EXCESS OF FORTY HOURS PER WEEK

38.     Both the FLSA and New York state law and regulations require employers to pay employees an overtime rate equal to one-and-a-half times the employees' normal hourly wage

6

rate for any hours worked in excess of forty hours in any given week.  29 U.S.C. § 207; NYLL §

650 *et seq*., 12 N.Y.C.R.R. § 137-1.3.

39.      Between August 9, 2013 and July 26, 2014 Crespo worked, on average, eight to nine

hours per day, six days per week.  Thus, Crespo worked between forty eight and fifty four hours

per week for this approximate one year period.

40.      Crespo is not within the class of employees defined as exempt from overtime

requirements as set forth in 29 U.S.C. § 213.  Accordingly, he is entitled to 8-14 hours of

overtime pay per week for the period August 9, 2013 through July 26, 2014.

41.      Defendants employ an accountant to keep detailed hour and wage records.

42.      When Crespo presented Zabari with his demand for $22,000 in unpaid wages, the

accountant then employed by Zabari *agreed* with Crespo that Crespo was owed a substantial

amount of money.  Following Crespo's conversation with this accountant about his unpaid

wages, however, the accountant left HIDE and was replaced by someone new.

43.      Thus, Defendants knowingly and willfully failed to compensate Crespo for overtime

hours worked.

**III.    DEFENDANTS FAILED TO PAY PLAINTIFF THE ENTIRETY OF HIS
         PROMISED WAGES**

44.      New York common law of contracts requires contracting parties to pay the agreed-

upon compensation for any services rendered in accordance with such contract.

45.      Defendants promised to pay Crespo a flat rate of $200 per day, half by check and half

in cash for each day that he worked.  However, Defendants regularly failed to deliver to Crespo

the checks that he was promised and did not increase the cash payments owed to Crespo to

compensate for the lack of checks.

7

46.     In fact, even the cash payments provided by Defendants to Crespo were regularly less than $100 per day, and were not paid in a timely or consistent manner.

47.     Defendants have been aware, at all relevant times, of the shortfall in wages and have taken no action to correct it.  Crespo confronted Zabari multiple times about payments owed and in response Zabari has either ignored Crespo's complaints or made unfulfilled promises to pay Crespo what he is owed.

48.     As a result of Defendants' failure to pay Crespo the agreed-upon amount for his employment and services, Crespo has suffered consequential damages in an amount to be determined at trial.

## IV.   DEFENDANTS FAILED TO PROVIDE PLAINTIFF WITH TIME-OF-HIRE NOTICES AND WAGE STATEMENTS AS REQUIRED BY NEW YORK LABOR LAW § 195

49.     Defendants failed to provide to Crespo, at the time of his hiring or any subsequent time thereafter, with a notice setting forth any of the following information: Crespo's rate and basis of pay, allowances claimed, the dates or time intervals upon which payment would be rendered, the employer name and contact information, and any "doing business" names used by the employer.

50.     Whenever Crespo received cash payments from Zabari, he would request a written receipt detailing the amount paid.  Zabari did not provide these receipts unless asked to do so by Crespo.

51.     The receipts for cash payments rendered were printed on store register stationary and do not detail Crespo's rate and basis of pay (including overtime pay), the number of regular hours or days worked, the number of overtime hours worked, gross wages, deductions,

allowances claimed, or net wages.  Instead, the receipts set forth only the amount paid to Crespo and the date of payment.

52.     Accordingly, Defendants failed to provide to Crespo, at the time of payment of his wages or any subsequent time thereafter, with adequate statements listing the dates of work covered by the payment in violation of NYLL § 195.

### V.     DEFENDANTS DISCHARGED CRESPO'S EMPLOYMENT IN RETALIATION FOR HIS COMPLAINTS

53.     Both the FLSA and the NYLL prohibit employers from discriminating, or taking other adverse actions, against an employee because he or she has engaged in activity protected under those statutes such as making a complaint to a supervisor or manager about employment law violations.  29 U.S.C. § 215; NYLL § 215.

54.     Crespo engaged in protected activity under the FLSA and the NYLL by registering verbal and written complaints about Defendants' violations of the FLSA and the NYLL with Zabari.

55.     Zabari retaliated against Crespo because of his complaints by reducing his schedule and then discharging him.

56.     As stated above, Crespo discussed Defendants' wage-and-hour practices with Zabari and another supervisory manager at various times throughout his employment, registered verbal complaints about those practices, and insisted on changes in Defendants' practices.

57.     Zabari reduced Crespo's schedule and discharged Crespo after he received a letter from Crespo's lawyer at The Legal Aid Society's Employment Law Unit.

9

58.     In or around the end of July 2014, shortly after Crespo delivered his lawyers' letter to Zabari, Zabari reduced Crespo's scheduled hours by one hour per day for the following four weeks.

59.     Defendants later reduced Crespo's scheduled hours again to just two to three days per week.

60.     In or about the end of December 2014, Zabari discharged Crespo.

61.     Reduction of hours and discharge because of complaints to an employer violate the FLSA and NYLL prohibitions on retaliation.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Unpaid Overtime Under the FLSA**

62.     Crespo realleges and reincorporates by reference each and every allegation contained in paragraphs 1-61 as if fully set forth herein.

63.     Crespo does not fall within any of the categories of employees exempted from overtime under 29 U.S.C. § 213.  Accordingly, he is due overtime pay for any time worked each week over forty hours, equal to one and a half times his regular hourly pay.  29 U.S.C. § 207(a) ("[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.")

64.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b)

10

65.     Defendants failed to pay Crespo overtime pay of one and a half times the regular hourly rate for hours worked in excess of forty hours per week in violation of the FLSA.

66.     The FLSA also requires employers to maintain adequate and accurate written records of the actual hours worked and the true wages earned by employees.  29 U.S.C. § 211(c) ("Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him"); 29 C.F.R. § 516.2 ("Every employer shall maintain and preserve payroll or other records . . .").

67.     Defendants willfully failed to maintain adequate and accurate written records.

68.     The FLSA and supporting regulations also require employers to notify employees of the employment laws' requirements.  29 C.F.R. § 516.4 ("Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.").

69.     Defendants willfully failed to notify Crespo of the requirements of the employment laws.

70.     Because of Defendants' willful violations of FLSA, Crespo is entitled to recover from Defendants, jointly and severally, unpaid overtime compensation for all hours worked in excess of forty hours per week.  Crespo is further entitled to liquidated damages, as well as reasonable attorneys' fees and costs.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action.")

11

3120764.1

71.     As a result of the foregoing, Crespo is entitled to damages in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**

**Unpaid Overtime under the NYLL**

72.     Crespo repeats and realleges each and every allegation contained in paragraphs 1 – 71 as if fully set forth herein.

73.     The NYLL requires employers to pay employees overtime in the amount of one and a half times an employee's regular wage rate for any hours worked in excess of forty per week. NYLL § 650 *et seq*., 12 N.Y.C.R.R. § 137-1.3 ("An employer shall pay an employee for overtime at a wage rate of one and a half times the employee's regular rate for hours worked in excess of forty hours in one workweek.")

74.     Pursuant to NYLL §§ 663 and 198.1-a, an employer who fails to pay overtime shall be liable for the amount of any under-payments, reasonable attorneys' fees, prejudgment interest and liquidated damages equal to one hundred percent (100%) of the amount of the under-payment and attorneys' fees. See NYLL § 663 ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorneys' fees, prejudgment interest as required under the civil practice law and rule, and unless the employer proves a good faith basis to believe that the underpayment was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."); NYLL § 198.1-a ("In  any  action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any

12

underpayment, all reasonable attorneys' fees, prejudgment interest as required under the civil

practice law and rules, and, unless the employer proves a good faith basis to believe that its

underpayment of wages was in compliance with the law, an additional amount as liquidated

damages equal to one hundred percent of the total amount of the wages found to be due.")

75.    Defendants' failure to pay Crespo overtime pay violated the NYLL.

76.    Defendants' failure to pay Crespo overtime pay was not in good faith.

77.    As a result of the foregoing, Crespo is entitled to damages in an amount to be

determined at trial.

### THIRD CLAIM FOR RELIEF

### Unpaid Wages under NYLL

78.    Crespo repeats and realleges each and every allegation contained in paragraphs 1-77

as if fully set forth herein.

79.    Defendants knowingly, willfully, and intentionally failed to pay Crespo his promised

wages, in violation of NYLL § 191(1).  See NYLL § 191(1) ("A clerical and other worker shall

be paid the wages earned in accordance with the agreed terms of employment, but not less

frequently than semi-monthly, on regular pay days designated in advance by the employer.")

80.    Because of Defendants' willful violation of the NYLL, Crespo is entitled to recover

from Defendants an amount equal to the total sum of all unpaid wages, including prejudgment

interest and attorneys' fees.  Crespo is also entitled to liquidated damages equal to the one

hundred percent of the total wages owed pursuant to NYLL § 198.1-a.  See NYLL § 198.1-a ("In

any  action instituted in the courts upon a wage claim by an employee or the commissioner in

which the employee prevails, the court shall allow such employee to recover the full amount of

any underpayment, all reasonable attorneys' fees, prejudgment interest as required under the civil

13

practice law and rules, and, unless the employer proves a good faith basis to believe that its

underpayment of wages was in compliance with the law, an additional amount as liquidated

damages equal to one hundred percent of the total amount of the wages found to be due.")

## FOURTH CLAIM FOR RELIEF

### Breach of Contract (Failure to Pay Wages)

81.     Crespo repeats and realleges each and every allegation contained in paragraphs 1-80

as if fully set forth herein.

82.     Defendants entered into a contract with Crespo in August 2013 pursuant to which

Defendants agreed to compensate Crespo at a rate of $200 per day for each day he worked at

HIDE.

83.     Defendants knowingly, willfully and intentionally failed to compensate Crespo in

accordance with this agreed-upon contractual rate.

84.     Because of Defendants' willful violations of the contract, Crespo is entitled to recover

from Defendants the total sum of his unpaid wages to date.

85.     As a result of the foregoing, Crespo is entitled to damages in an amount to be

determined at trial.

## FIFTH CLAIM FOR RELIEF

### Breach of Contract (Settlement Agreement)

86.     Crespo repeats and realleges each and every allegation contained in paragraphs 1-85

as if fully set forth herein.

87.     In August 2014, Crespo and Zabari reached a verbal agreement pursuant to which

Zabari agreed pay Crespo $20,000 to resolve the issue of Crespo's unpaid wages.  These

payments were scheduled to be made in four bi-weekly installment payments in the amount of $5,000 each, beginning on August 30, 2014.

88.     On August 30, 2014, Zabari paid Crespo $5,000 in cash, representing the first of four installment payments.  Zabari's payment of $5,000 constituted partial performance of the contract.

89.     Thereafter, Zabari failed to make any of the remaining agreed-upon $5,000 payments.

90.     Zabari's failure to make any of the remaining $5,000 payments was in breach of the contract entered into by the parties in August 2014.

91.     As a result of the foregoing, Crespo is entitled to damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

**Claim for Unlawful Failure to Provide Time-of-Hire Notices and Wage Statements**

92.     Crespo repeats and realleges each and every allegation contained in paragraphs 1-91 as if fully set forth herein.

93.     Defendants knowingly, willfully, and intentionally failed to provide employees with the notices required by NYLL § 195(1) and the wage statements required by NYLL § 195(3).

94.     Pursuant to NYLL § 198.1-b, Plaintiff is entitled to recover from Defendants $50 per employee per week after April 9, 2011 in which Defendants violated NYLL § 195(1), not to exceed $2,500, together with costs and reasonable attorneys' fees.

95.     Pursuant to NYLL § 198.1-d, Plaintiff is entitled to recover from Defendants $100 per employee per week after April 9, 2011 in which Defendants violated NYLL § 195(3), not to exceed $2,500, together with costs and reasonable attorneys' fees.

15

96.     As a result of the foregoing, Crespo is entitled to damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### Retaliation under FLSA

97.     Crespo repeats and realleges each and every allegation contained in paragraphs 1-96 as if fully set forth herein

98.     The FLSA prohibits employers from discriminating, or taking other adverse actions, against an employee because he or she has engaged in protected activity such as making a complaint to an employer.  29 U.S.C. § 215(a)(3) ("[I]t shall be unlawful for any person to . . . discharge or in any other manner discriminate against any employee because such employee has filed any complaint.")

99.     Crespo engaged in protected activity as defined by 29 U.S.C. § 215(a)(3).

100.    Defendants have retaliated against Crespo by reducing his schedule and discharging him in violation of 29 U.S.C. § 215(a)(3).

101.    Defendants' acts of retaliation were willful.

102.    As a result of the foregoing, Crespo is entitled to damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### Retaliation under NYLL

103.    Crespo repeats and realleges each and every allegation contained in paragraphs 1-102 as if fully set forth herein

104.    The NYLL prohibits employers from discriminating, or taking other adverse actions, against an employee because he or she has engaged in protected activity such as making a

16

complaint to an employer, or other entity, about employment law violations.  NYLL § 215 ("No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer.")

105.    Crespo engaged in protected activity as defined in NYLL § 215.

106.    Defendants retaliated against Crespo by reducing his schedule and discharging him in violation of NYLL § 215.

107.    As a result of the foregoing, Crespo is entitled to damages in an amount to be determined at trial.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests this Court to grant him the relief requested as follows:

(1)    Awarding Crespo damages for Defendants' failure to pay Crespo overtime mandated by the FLSA, including liquidated damages, reasonable attorneys' fees and costs, in an amount to be determined at trial;

(2)    Awarding Crespo damages for Defendants' failure to pay Crespo overtime mandated by the NYLL, including liquidated damages, reasonable attorneys' fees, prejudgment interest and costs, in an amount to be determined at trial;

(3)    Awarding Crespo damages for Defendants' failure to pay Crespo his agreed-upon wages in violation of the NYLL, including liquidated damages, reasonable attorneys' fees, prejudgment interest and costs, in an amount to be determined at trial;

(4)     Awarding Crespo damages for Defendants' breach of Crespo's employment
        contract in an amount to be determined at trial;

(5)     Awarding Crespo damages for Defendants' breach of the parties' August 2014
        settlement agreement in an amount to be determined at trial;

(6)     Awarding Crespo damages for Defendants' failure to provide Time-of-Hire
        Notices and Wage Statements in an amount to be determined at trial.

(7)     Awarding Crespo damages for Defendants' retaliation against Crespo in violation
        of the FLSA, including front pay, back pay and compensatory damages in an
        amount to be determined at trial;

(8)     Awarding Crespo damages for Defendants' retaliation against Crespo in violation
        of the NYLL, including front pay, back pay and compensatory damages in an
        amount to be determined at trial; and

(9)     Such other and further relief that the Court deems just and proper.

Dated:   New York, New York
         July 22, 2015

                              Respectfully submitted,

                              THE LEGAL AID SOCIETY
                              Seymour W. James. Jr., Attorney-in-Chief
                              Adriene Holder, Attorney-in-Charge, Civil
                              Practice
                              Karen Cacace, Supervising Attorney,
                              Employment Law Unit
                              Amy M. Hong, Of Counsel
                              199 Water Street, 3rd Floor
                              New York, New York 10038
                              Phone (212) 577-3626
                              kcacace@legal-aid.org
                              amhong@legal-aid.org


                              FRIEDMAN KAPLAN SEILER
                                 & ADELMAN LLP

                              By:   /s/ John Oster
                                    John Oster

                              7 Times Square
                              New York, New York 10036
                              (212) 833-1100
                              joster@fklaw.com

                              *Attorneys for Plaintiffs*

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, Hector Crespo, hereby consents to be a Plaintiff in this lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
       May 11, 2015

Hector Crespo

Sworn to before me this
11th day of May 2015

NOTARY PUBLIC

AMY M. HONG
Notary Public, State of New York
No. 02HO6106886
Qualified in New York County
Commission Expires March 15, 20_16_